(29 Misc. Rep. 344.)

### TANNENBAUM v. ROSENBERG et al.

(Supreme Court, Appellate Term. October 25, 1899.)

PARTNERSHIP—DISSOLUTION—ASSUMPTION BY NEW FIRM OF CONTRACT OF OLD FIRM—INSURANCE.

In an action against a partnership for premiums on policies of insurance taken out pursuant to a contract with a former firm, it appeared that plaintiff and the old firm, of which one of defendants was a member, entered into an agreement whereby plaintiff, as agent of that firm, was authorized to obtain and renew insurance on its stock at a certain rate. The firm was dissolved, and a new one organized, with defendants as co-partners. Notice of dissolution was duly published, but no personal notice was given plaintiff. Business was continued under the old firm name on the same premises, and defendants permitted certain safeguards against fire, supplied by plaintiff at the time the contract with the old firm was made, to remain on the premises, and accepted without objection for more than three years all renewals of expiring policies at the rate mentioned in the contract with the old firm. Insurance rates being lowered, defendants refused to accept certain renewal policies at the old rate. *Held,* that defendants were not liable, as there was no new agreement, or an assumption of the old one.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Moses Tannenbaum against Joseph Rosenberg and Simon Wilhelm, as co-partners. There was judgment for defendants, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Benno Loewy, for appellant.
Arthur Furber, for respondents.

LEVENTRITT, J. The plaintiff appeals from a judgment in an action wherein he sought to hold the defendants liable as co-partners for premiums on policies of insurance taken out pursuant to a contract with a predecessor firm. It appears that in December, 1893, the plaintiff and M. Neuberger & Co., a partnership consisting of Meyer Neuberger and the defendant Joseph Rosenberg, entered into an agreement whereby the plaintiff, as agent of that firm, was authorized to obtain and renew insurance on its stock of goods throughout its occupancy of certain premises, and for which it agreed to pay at the uniform rate of 95 cents per year for each $100 of insurance. One year later, in December, 1894, the firm was dissolved, and a new one organized, with the defendants as co-partners. Notice of dissolution was duly published. The new concern

purchased the interest of Meyer Neuberger. The then outstanding accounts were not transferred, but, when collected, were divided between him and the defendant Rosenberg according to their respective interests in the old firm. Separate books of account were kept for the liquidation of its affairs. Its name was retained, and the new business was conducted on the same premises. For more than three years succeeding the formation of the new firm, the plaintiff continued, without solicitation on the part of the defendants, to renew expiring policies at the rate mentioned in the agreement. The defendants accepted the renewals, and paid the premiums at the rate of 95 cents for each $100 of insurance. In June, 1898, insurance rates were materially lowered. The defendants thereupon refused to accept from the plaintiff certain policies renewing, at the previous rate, expiring insurance. As a consequence, this action was instituted to recover the premiums on the rejected policies.

There is no evidence of the assumption by the new firm of any of the contracts or obligations of its predecessor. On the contrary, there is affirmative evidence that there was no such assumption. The appellant, however, argues that facts and circumstances were disclosed showing the assumption of this particular contract. He argues that in continuing to do business under the same name at the same place, in permitting certain safeguards against fire supplied by the plaintiff at the time the contract was made to remain on the premises, in omitting to give personal notice to him of the dissolution, and in accepting without objection for a period of over three years all renewal insurance covered by 63 policies, the defendants recognized and adopted the contract, and became bound by its terms. That legal conclusion does not follow from those facts. It is indisputable that neither Wilhelm, as incoming partner, nor the new firm which he entered, became, as of course, liable for the debts or transactions of the old firm; and it is likewise indisputable that neither he nor it could be made liable to a creditor, except through some agreement on his or its part to assume such liability. No presumption of the existence of such an agreement was created by the mere fact of his becoming a member of the firm. Peyser v. Myers, 135 N. Y. 599, 602, 32 N. E. 699; Serviss v. McDonnell, 107 N. Y. 264, 14 N. E. 314; Keller v. Manufacturing Co., 39 Hun, 348. Nor did any agreement arise either by implication or adoption from the selected facts invoked, or from any others appearing in the record. The retention of the premises, the continued use of the firm name, and the failure to notify the plaintiff individually of the dissolution, might affect the liability of the old firm or the retiring partner, but could fasten no obligation on the new firm or on the incoming partner. A new agreement, or the adoption of an old one, cannot be spelled out of the acceptance of the policies, or the passive retention of the safeguards. The acceptance of the 63 policies at the rate quoted in the contract between the plaintiff and Meyer Neuberger & Co. created no obligation beyond the payment of the premiums on the policies retained. The most that is legally deducible is that the parties used the old contract as a guide and basis for their mutual dealings. Policies were from time to time

offered by the plaintiff at the old rate, which the defendants were willing to receive and pay for accordingly. In effect, the offer and acceptance of each renewal was a new contract covering merely that specific policy. The plaintiff, at his election, could have discontinued placing insurance for the defendants; and they, at their election, could have discontinued receiving it. Their transactions were independent, present ones, without entailing on either party any future obligation. We are practically asked to hold that merely because the defendants accepted a large number of policies at a rate of premium corresponding with that mentioned in the contract, to which they were not parties, they became bound to perform all its terms. Nothing done or omitted by the defendants influenced the plaintiff's acts. He in no wise changed his position. The fact that the defendants allowed the safeguards to remain created no liability. They were under no obligation to remove them or to require their removal. By their maintenance the plaintiff was enabled to procure insurance at a rate at which he could profitably furnish it to the defendants at 95 cents. We agree with the justice below that none of the essentials were established to prove either a new agreement, or an assumption of the old one, and hence the judgment will be affirmed.

Judgment affirmed, with costs to the respondents. All concur.